UNITED STATES of America,
Plaintiff-Appellee,

v.

Marvin Joshua WHITE, Defendant-
Appellant.

No. 17-4243

United States Court of Appeals,
Fourth Circuit.

Submitted: December 19, 2017

Decided: December 21, 2017

Bradley M. Kirkland, BRADLEY M.
KIRKLAND, LLC, Columbia, South Car-
olina, for Appellant. Alfred William Walker
Bethea, Jr., Assistant United States Attor-
ney, OFFICE OF THE UNITED
STATES ATTORNEY, Florence, South
Carolina, for Appellee.

Before SHEDD, AGEE, and DIAZ,
Circuit Judges.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Marvin Joshua White seeks to appeal his
180-month sentence, imposed pursuant to
a Fed. R. Crim. P. 11(c)(1)(C) plea agree-
ment, for possession with intent to distrib-
ute crack cocaine. White's counsel filed a
brief pursuant to *Anders v. California,* 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), stating that there are no meritori-
ous issues for appeal, but questioning
whether the district court imposed an un-

reasonable sentence. White filed a pro se brief contending that the district court improperly denied his motion to suppress, and that he is entitled to a sentence reduction pursuant to Amendment 794 to the U.S. Sentencing Guidelines. We dismiss in part and affirm in part.

We generally review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "However, not all sentences are subject to appellate review." *United States v. Williams*, 811 F.3d 621, 622-23 (4th Cir. 2016). In this case, we lack jurisdiction to review White's sentence of imprisonment because the district court sentenced White in accordance with the terms of his Rule 11(c)(1)(C) plea agreement, the sentence is not unlawful, and the sentence is not based on the Sentencing Guidelines. *See id.* at 623-25. We therefore dismiss White's appeal of his sentence.

We have considered the arguments asserted in White's pro se supplemental brief and conclude they are without merit. In accordance with *Anders*, within the constraints set forth in *Williams*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm White's conviction. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*